UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA G. ATIENZA, *et al.*, | No. C-11-3153 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS** |
| WELLS FARGO, *et al.*, | |
| Defendants. | **(Docket No. 8)** |
| _____/ | |

Defendant Wells Fargo filed a motion to dismiss Plaintiffs' complaint on July 20, 2011. Docket No. 8. Defendant argued that the complaint was unintelligible and failed to state a claim against any defendant, and to the extent the subject matter of the complaint was discernable, it was barred by *res judicata*.

The Court, having considered the parties' submissions and Defendant's request for judicial notice, determines that the matters are appropriate for resolution without oral argument, and **VACATES** the hearing set for September 8, 2011. The Court hereby enters the following order:

(1) Defendant Wells Fargo's request for judicial notice (Docket No. 9) is **GRANTED**. The documents are undisputed matters of public record. *See* Fed. R. Evid. 201; *see also Camacho v. Wachovia Mortgage, FSB*, No. 09-CV-1572 JLS, 2009 U.S. Dist. LEXIS 102243, at *4 (S.D. Cal. Nov. 3, 2009) (taking judicial notice of the same documents as Exhibits A-D here).

(2) Plaintiffs' complaint is unintelligible and fails to articulate a cognizable claim against any defendant. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")

(internal quotations omitted). This complaint falls well short of this benchmark. In addition, the only indication of the subject matter of the complaint are Plaintiffs' exhibits: the deed of trust and notice of trustee's sale for the same subject property that was at issue between the parties in *Atienza v. Wells Fargo Bank, N.A.*, No. C 10-03457 RS, 2011 U.S. Dist. Lexis 22592 (N.D. Cal. Mar. 7, 2011), which Judge Seeborg dismissed with prejudice. Thus, the current action concerns the "same transactional nucleus of fact" as litigated in the prior matter, and therefore any attempt to amend the pleadings would be futile because the suit is barred by *res judicata*. *Int'l Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993). Accordingly, the Court **GRANTS** Defendant's motion to dismiss without leave to amend, and the complaint is dismissed with prejudice.

This disposes of Docket No. 8.

IT IS SO ORDERED.

Dated: September 2, 2011

_____
EDWARD M. CHEN
United States District Judge